UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: **09-CV-81331-Marra-Johnson**

JOHNSON LAW GROUP,
a Nevada Professional Corporation,
ADVANCED CLIENT SOLUTIONS,
a Nevada limited Liability Company,

    Plaintiff,

-vs-

ELIMADEBT USA, LLC,
a Florida limited liability company, and
ELIMADEBT, LLC,
a New York limited Liability Company,
STEPHEN DRESCHER, individually,
ROBERT DENTON, individually,
RYAN SASSON, individually,
IAN BEHAR, individually,
DAVID FEINGOLD, individually,
AND DANIEL BLUMKIN, individually,

    Defendants.
_____/

FILED by ___VT___ D.C.
ELECTRONIC

**Sept. 11, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## COMPLAINT FOR DAMAGES

JOHNSON LAW GROUP, a California Corporation and ADVANCED CLIENT SOLUTIONS, a Nevada limited Liability Company ("Plaintiffs") file this complaint for damages against Defendant ELIMADEBT USA, LLC, a Florida limited liability company, ELIMADEBT, LLC, a New York limited Liability Company, STEPHEN DRESCHER, ROBERT DENTON, RYAN SASSON, IAN BEHAR, DAVID FEINGOLD, and DANIEL BLUMKIN, individually, arising from Defendants' (i) abuse or process; (ii) malicious prosecution; and (iii) and civil conspiracy, and in support make the following short and plain statement:

*Plaintiff Johnson Law Group* vs.
*Defendant Elimadebt, Drescher, Denton et al.*

## SUBJECT MATTER JURISDICTION

1. This Court has original jurisdiction in this civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs and involves diversity jurisdiction under 28 U.S.C. § 1332 between citizens of different states.

## PARTIES AND PERSONAL JURISDICTION

2. Plaintiff Johnson Law Group is a California Corporation,

3. Plaintiff Advanced Client Solutions is a Nevada limited Liability Company,

4. **Defendant, ELIMADEBT, LLC** is a New York limited Liability Company.

5. **Defendant, ELIMADEBT USA, LLC** is a Florida limited liability company.

   a. Defendant ELIMADEBT USA, LLC was organized by the individual Defendants as such Defendants' alter ego for the supposed purpose of conducting the business of the New York entity, ELIMADEBT, LLC in this State.

   b. Upon information and belief, Defendant ELIMADEBT USA, LLC has never had, and does not now have, any genuine or separate corporate existence or assets, and was never operated as a corporation in terms of regularly scheduled meetings and keeping appropriate corporate minutes, records, and the like, but was deliberately set up to drive traffic to and facilitate the activities of ELIMADEBT, LLC in this State and:

      i. ELIMADEBT USA, LLC is and/or was dominated and controlled by Defendants in such a way that it is in essence merely an alter ego, used for their personal benefit;

      ii. ELIMADEBT USA, LLC is and/or was employed to facilitate the improper conduct described below; and

*Plaintiff Johnson Law Group* vs.
*Defendant Elimadebt, Drescher, Denton et al.*

   iii. ELIMADEBT USA, LLC in conspiracy with the other Defendants engaged in the improper conduct described below and imposed an injury on Plaintiffs.

  6. **Defendant Stephen Drescher** ("Drescher") is an individual resident and domiciled at 408 Tuscany Way Daytona Beach, Florida 33455, is <u>not</u> a member of the military services, and is otherwise *sui juris*.

   a. Drescher was CEO of Biltmore Securities, Inc. ("Biltmore").

   b. Biltmore was an entity formed and used by Drescher and others to commit securities fraud.

   c. Drescher was indicted, convicted served time and a period of probation for securities fraud.

   d. Drescher was stripped of his licenses and is now using surrogates and "straw men" to be involved in a regulated industry, for example, the debt settlement business in which ELIMADEBT is involved.

   e. Drescher was and/or is a major "investor" in ELIMADEBT

   f. Drescher has *de facto* if not *de jure* control over activities in which ELIMADEBT engages.

  7. **Defendant Robert Denton** ("Denton") is an individual resident and domiciled at 10228 NW 63d Drive, Parkland, Florida 33076, is <u>not</u> a member of the military services, and is otherwise *sui juris*.

   a. Denton was associated as a registered representative with Biltmore.

   b. Denton is closely associated with Drescher.

   c. The Securities and Exchange Commission found that Denton willfully

violated Section 17(a) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5 in several ways:

    i. That Denton, in connection with the purchase and sale and in the offer and sale of securities, employed devices, schemes and artifices to defraud;

    ii. That Denton, in connection with the purchase and sale and in the offer and sale of securities, made untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;

    iii. That Denton, in connection with the purchase and sale and in the offer and sale of securities engaged in acts, practices and a course of business which would and did operate as a fraud and deceit; and

    iv. That Denton, in connection with the purchase and sale and in the offer and sale of securities obtained money and property by means of untrue statements in the accounts of Biltmore's customers.

    d. As a consequence of his deceitful conduct, Denton was barred from association with any broker, dealer, municipal securities dealer, investment company or investment adviser.

    e. Denton is the "managing partner" of ELIMADEBT USA, LLC.

    f. Denton is co-manager of ELIMADEBT.

    g. Denton too has *de facto* if not *de jure* control over activities in which ELIMADEBT engages.

8. **Defendant Ryan Sasson** ("Sasson") is an individual resident and domiciled at

*Plaintiff Johnson Law Group* vs.
*Defendant Elimadebt, Drescher, Denton et al.*

245 E. 58th Street, New York, New York 10022, is not a member of the military services, and is otherwise sui juris.

  a. Sasson is a "straw man" for his step father Stephen J. Drescher and Drescher's cohort Denton.

  b. Sasson, while named on corporate documents, has minimal involvement other than to act in furtherance of the conspiracy described below.

  9. **Defendant Ian Behar** ("Behar") is an individual resident and domiciled at 54 Warrant Street, Penthouse, New York, New York 10007, is <u>not</u> a member of the military services, and is otherwise *sui juris*.

  a. Behar is involved in the corporate Defendants' day-to-day operations; and

  b. Behar is a principle decision maker with respect to the activities of the corporate Defendants.

  10. **Defendant David Feingold** ("Feingold") is an individual resident and domiciled at 102 Via Capri, Palm Beach Gardens, Florida 33418, is <u>not</u> a member of the military services, and is otherwise *sui juris*.

  a. Feingold is a Florida lawyer.

  b. Feingold is the subject of an April 21, 2009 "Summary Order to Cease and Desist" entered by the Maryland Commissioner of Financial Regulation (the "Summary Order").

  c. The Summary Order specifically finds, among other things, that Feingold, individually "engaged, directly or indirectly, in acts, practices, or other activities which operated as a fraud or deception . . . ."

  d. Feingold also was the subject of an SEC Action resulting in a cease and

*Plaintiff Johnson Law Group* vs.
*Defendant Elimadebt, Drescher, Denton et al.*

desist in connection with his violations of Section 8A of the Securities Act and Section 12C of the Exchange Act.

  e. Feingold has *de facto* if not *de jure* control over activities in which ELIMADEBT engages.

 11. **Defendant Daniel Blumkin** ("Blumkin") is:

  a. An individual resident and domiciled in New York and working from a New York address: 144 East 44th Street 2nd Floor New York City, NY 10017 and he is <u>not</u> a member of the military services, and is otherwise *sui juris*.

  b. Involved in the activities in which ELIMADEBT engages.

 12. Defendants Behar, Sasson, Blumkin and Elimadebt LLC are not residents of Florida, and service of process on and personal jurisdiction over these Defendants is authorized by § 48.193(1)(b) and (g), Fla. Stat., because:

  a. The claims here arises from each respective non-resident Defendant having committed a tortious act within this state; a nonresident actor need not be physically present within Florida in order to be subject to the State's jurisdiction for committing a tortious act here; and

  b. each respective non-resident Defendant having engaged in substantial and not isolated activities in Florida including, among other things:

   i. Behar is a partner and active co-conspirator with the other Defendants in the operation of the corporate Defendants;

   ii. Blumkin is a partner and active co-conspirator with the other Defendants in the operation of the corporate Defendants operating and using the corporate

*Plaintiff Johnson Law Group* vs.
*Defendant Elimadebt, Drescher, Denton et al.*

Defendant's other registered internet domain "debtinate.com," operating at the same address at 144 East 44th Street 2nd Floor New York City, NY 10017 as the corporate Defendant Elimadebt LLC and managing an affiliate of Elimadebt, Timberline Capital.

        iii.    Sasson is the managing member of Elimadebt USA, a Florida limited liability company, with a registered agent Ike Behar 3370 N.E. 190th Street, Apt. 1203, Aventura Florida 33180;

        iv.    Elimadebt LLC is transacting business in this State; and although § 607.1501, Fla. Stat. requires a foreign corporation such as Elimadebt LLC transacting business in this state to obtain a certificate of authority from the Department of State, Elimadebt LLC has not done so, thus, Elimadebt LLC is in violation of §607.1502, Fla. Stat.; and is engaging in direct contacts with the State; for example, Elimadebt LLC maintains a site on the world wide web, which solicits clients all around the country, including Florida by claiming that it is "is an industry leader in debt settlement services" at http://www.elimadebtnow.com;

    c.    Each respective non-resident Defendant purposely availed himself or itself of the privilege of conducting activities within Florida, invoked the benefits and protections of its laws, and could reasonably anticipate being hailed into Court here; indeed, the corporate Defendant itself filed the Florida Action, which gives rises to the claims herein

### VENUE

13.    Venue lies in this Court in that many of the acts giving rise to these claims as well as the conspiracy to commit the underlying torts originated in the offices of Defendant Feingold, which are located in this District, in Palm Beach County, Florida.

14.    Furthermore, Florida law is clear that a malicious prosecution action accrues for

venue purposes in county where underlying civil action was filed. *Hanson-Murphy, Inc. v. First Federal Sav. & Loan*, 698 So. 2d 1378 (Fla. 3d DCA 1997).

15. The underlying civil action giving rise to the claims herein was filed in this District.

## GENERAL FACTUAL ALLEGATIONS

16. This action arises from the Defendants' use of and conspiracy to use civil legal process and an original civil judicial prosecution alleging criminal conduct under a federal statute against the present Plaintiffs.

17. On May 1, 2009, Defendant Feingold prepared a lawsuit and the Corporate Defendants endorsed a forty-eight page, one-hundred thirty-six paragraph Complaint in U.S. District Court in the Southern District of Florida (the "Florida Action").

18. In the Florida Action, Defendants resting on malicious and scurrilous innuendo attempt, but fail, to allege a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") or a claim under any other legal theory.

19. In support of the Florida Action, Defendant Feingold in conjunction with the Corporate Defendants had process issued and the Florida Action served on Plaintiffs.

20. The Corporate Defendants and Defendant Feingold used such legal process primarily to accomplish a purpose for which it is not designed.

21. The Corporate Defendants and Defendant Feingold commenced the Florida Action as a calculated response to an Action filed twenty-one (21) days earlier, on April 9, 2009, by the Johnson Law Group ("JLG") in the U.S. District Court, District of Nevada against the Corporate Defendants here, to compel arbitration under an agreement between JLG and

*Plaintiff Johnson Law Group* vs.
*Defendant Elimadebt, Drescher, Denton et al.*

Corporate Defendants (the "Nevada Action").

22. In the Florida Action Defendants intentionally sought to and did in fact vent private spite against Plaintiffs by making knowingly false accusation of criminal activity against Plaintiffs and others under RICO.

23. Defendants purposefully brought the Florida Action in the context of a "RICO" claim immediately on the heels of letters of complaint sent to the Nevada State Bar Association.

24. Defendants purposefully attached Bar related information to the Complaint and named numerous individuals, including several lawyers as defendants in the Florida Action.

25. The Bar Association letters were crafted and written in an attempt to gain leverage over JLG are part-and-parcel of a drive to accuse all of the Plaintiffs here and those identified as Defendants in the Florida Action publicly of "racketeering."

26. Defendants made clear before and after filing suit that they were seeking maximum bad-press and "criminal" allegations against anyone associated with the JLG, and carried out the threat by signing, filing and serving the civil RICO Complaint alleging criminal misconduct.

27. Knowing that the filing would be picked up and actually is found on the World Wide Web, Defendants used the most reprehensible allegations, in order to leverage their position in the Nevada Action.

28. The extent and maliciousness of Defendants' desire to harass and harm Plaintiffs is manifest in the fact that the Florida Action identified a number of non-party lawyers from around the country by name and address in the Complaint.

29. For example, in the Florida Action the Corporate Defendants and Defendant

Feingold for no defensible reason purposefully and publicly identified thirty-five (35) lawyers who, where not parties to the agreement. While not named as defendants, the thirty-five (35) lawyers were branded as part of an alleged "network of attorneys" associated with the Plaintiffs so that the Corporate Defendants and Defendant Feingold by innuendo could fabricate a link between these individuals to the allegations of criminal racketeering asserted in the Florida Action.

30. The Florida Action was replete with false and baseless claims of racketeering activity and Defendant Feingold's purposeful use of a "shotgun pleading" was used to facilitate branding the Plaintiffs and other individuals and those non-parties identified in the Complaint as being engaged in racketeering just so that Defendants could impute criminal behavior to those named in the Complaint.

31. The allegations being asserted in the Florida Action were being made at the very time that Feingold, one of the architects of and co-conspirator in making the false criminal accusations in the Complaint was himself the object of scrutiny for committing fraud.

32. Specifically, Defendant Feingold was the subject of an April 21, 2009 "Summary Order to Cease and Desist" entered by the Maryland Commissioner of Financial Regulation *the "Maryland Commission").

33. The Maryland Commission makes express findings that Feingold, individually:

    a. "made or used false or misleading representations. . . ;'

    b. "engaged, directly or indirectly, in acts, practices, or other activities which operated as a fraud or deception . . . ;"

    c. "[a]mong other fraudulent, deceptive, and willful conduct . . . purposely

*Plaintiff Johnson Law Group* vs.
*Defendant Elimadebt, Drescher, Denton et al.*

concealed . . . information. . . ;"

        d.    "violated [the law] by making material misstatements in the application materials and by submitting false and misleading documents with the intention of deceiving the Office of the Commissioner . . . . during the licensing application process, including letters from Respondents David Feingold, Esq. and Feingold & Kam, LLC to the Licensing Unit which included multiple intentionally false representations and material misstatements . . . ."

34.    As the Florida Action began to progress, Defendants were quickly confronted with the reality that no one was deceived by their claims and that everyone could see that they were interested only in accomplishing an ulterior and improper purpose that was collateral to the proper object of the process.

35.    Plain and simple, Defendants sued and named a number of defendants in the Florida Action without probable cause to do so.

36.    Very shortly after filing the Florida Action, the Corporate Defendants and Defendant Feingold conceded that the Florida Action was not justified by the underlying legal claims and they dismissed the Florida Action and, thereby, there was a *bone fide* termination of the Florida Action.

37.    Abuse of process is the misuse of a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which the process was not designed.

38.    Abuse of process is a willful and intentional misuse of criminal or civil legal process for some wrongful or unlawful object or a purpose other than that for which it was designed, or the use of process in an illegal, improper, or perverted manner, with an ulterior purpose.

*Plaintiff Johnson Law Group* vs.
*Defendant Elimadebt, Drescher, Denton et al.*

39. Defendants had an ulterior motive to do those things alleged in paragraphs 37 and 38.

40. Defendants acted with malice in doing those things alleged in paragraphs 37 and 38.

41. As set forth in paragraphs 37, 38, 39, and 40, Defendants both willfully and intentionally misused process for a wrongful or unlawful object, or collateral purpose, and the act or acts constituting misuse occurred after process was issued.

42. Process in the Florida Action was <u>not</u> used to accomplish the result for which it was created.

43. Process in the Florida Action was <u>not</u> used by Defendants to accomplish the result for which it was created, and had no relation to the proceeding.

44. Defendants commenced and were the legal cause of the Florida Action against the present Plaintiffs as the Defendants in the original proceeding.

45. As set forth above, the Defendants formed a conspiracy either to do an unlawful act or to do a lawful act by unlawful means and executed the overt acts described herein in pursuance of the conspiracy.

46. To be liable for malicious prosecution of the civil action, it is <u>not</u> necessary that the various Defendants here actually be a party to the Florida Action.

47. An attorney, such as Defendant Feingold here, who represented the plaintiffs in the Florida Action, may be equally liable as a conspirator who procured the filing of the Florida Action or as a person who wrongfully continued the original proceeding.

48. All conditions precedent to bringing this action have been performed or satisfied,

*Plaintiff Johnson Law Group* vs.
*Defendant Elimadebt, Drescher, Denton et al.*

or have otherwise occurred or been discharged.

49. Plaintiffs have retained the undersigned attorneys and are obligated to pay a reasonable fee for legal services, and are entitled to reasonable fees against the Defendants under the "wrongful act doctrine."

50. Attorney's fees are recoverable under the "Wrongful Act Doctrine" where the wrongful acts of Defendant Feingold and his co-conspirator individual Defendants involved Plaintiffs in litigation with others, and placed Plaintiffs in such relation with others as makes it necessary to incur expenses to protect their interests; therefore, such costs and expenses, including reasonable attorney's fees upon appropriate proof, may be recovered as an element of Plaintiffs' damages here.

51. As a direct and proximate result of Defendants' actions, Plaintiffs incurred special damages in the form of expenses to protect their interests, and costs and expenses, including reasonable attorney fees recoverable under the Wrongful Act Doctrine.

## COUNT I
## ABUSE OF PROCESS

52. Plaintiffs reallege and reaver paragraphs 1 - 51 above as if set forth fully herein.

53. Defendants' abuse of process involved the use of civil legal process against another primarily to accomplish an immediate purpose for which it was not designed.

54. As set forth for example in paragraphs 17 through 30 and 35 through 43 above, Defendants made an illegal, improper, or perverted use of process.

55. For example, Defendants filed the Florida Action, which had no basis at law, but was intended to force payment through fear of legal entanglement or to gain an unfair or illegal

*Plaintiff Johnson Law Group* vs.
*Defendant Elimadebt, Drescher, Denton et al.*

advantage.

56. As set forth for example in paragraphs 17 through 30 and 35 through 43, Defendants had an ulterior motive or purpose in exercising the illegal, improper, or perverted process.

57. As set forth for example in paragraphs 17 through 30 and 35 through 43, as a result of such action on the part of Defendants, plaintiffs suffered damages.

**WHEREFORE**, Plaintiffs respectfully pray that this Court:

A. Enter Judgment in favor of Plaintiffs and against Defendants for damages, special damages in the form of attorney's fees under the wrongful act doctrine, and punitive damages;

B. Enter Judgment in favor of Plaintiffs and against Defendants for costs of suit incurred in this action; and

C. Award Plaintiffs such other and further relief as the Court may deem proper.

### COUNT II
### MALICIOUS PROSECUTION

58. Plaintiffs reallege and reaver paragraphs 1 - 51 above as if set forth fully herein.

59. As set forth for example in paragraphs 17 through 30, 35 through 40 and 44 through 47, an original civil judicial prosecution alleging criminal conduct was commenced against the present Plaintiffs.

60. As set forth for example in paragraphs 17 through 30, 35 through 40 and 44 through 47, the present Defendants were the legal cause of the original proceeding against the present Plaintiffs as the Defendants in the original proceeding.

61. As set forth for example in paragraphs 17 through 30, 35 through 40 and 44

through 47, the termination of the original proceeding constituted a *bona fide* termination of the proceeding in favor of the present Plaintiffs.

62. The foregoing element that there be a *bona fide* termination of the proceeding in favor of the present Plaintiffs is manifest in the matters alleged above.

63. As set forth above, there was an absence of probable cause for the original proceeding.

64. As set forth above, there was malice either actual or legal on the part of the present Defendants.

65. As set forth above, Plaintiffs suffered damage as a result of the original proceeding.

**WHEREFORE**, Plaintiffs respectfully pray that this Court:

A. Enter Judgment in favor of Plaintiffs and against Defendants for damages, special damages in the form of attorney's fees under the wrongful act doctrine, and punitive damages;

B. Enter Judgment in favor of Plaintiffs and against Defendants for costs of suit incurred in this action; and

C. Award Plaintiff such other and further relief as the Court may deem proper.

## COUNT III
## CIVIL CONSPIRACY

66. Plaintiffs reallege and reaver paragraphs 1 - 51 above as if set forth fully herein.

67. As set forth in the paragraphs above and those reincorporated herein, Defendants conspired to do an unlawful act or to do a lawful act by unlawful means.

68. As set forth above, the underlying wrongful acts constitute an independent cause of action against at least one of the conspirators.

*Plaintiff Johnson Law Group* vs.
*Defendant Elimadebt, Drescher, Denton et al.*

69. As set forth above, Defendants executed overt acts in pursuance of the conspiracy.

70. As set forth above, Defendants acted with malicious motive and attempted to exercise economic coercion or influence over Plaintiffs.

71. Plaintiffs suffered damages as a result of the acts performed through the conspiracy.

**WHEREFORE**, Plaintiffs respectfully pray that this Court:

A. Enter Judgment in favor of Plaintiffs and against Defendants for damages, special damages in the form of attorney's fees under the wrongful act doctrine, and punitive;

B. Enter Judgment in favor of Plaintiffs and against Defendants for costs of suit incurred in this action; and

C. Award Plaintiff such other and further relief as the Court may deem proper.

Respectfully submitted,

*/s/ Haas A. Hatic*

Richard W. Epstein (Florida Bar No. 229091)
richard.epstein@gmlaw.com
Haas A. Hatic (Florida Bar No. 843989)
haas.hatic@gmlaw.com
Rebecca F. Bratter (Florida Bar No.0685100)
rebecca.bratter@gmlaw.com
GREENSPOON MARDER, P.A.
Trade Centre South, Suite 700
100 West Cypress Creek Road
Fort Lauderdale, Florida 33309
954.491.1120 (Telephone)
954.343.6956 (Direct Dial Telecopier)
Attorneys for Plaintiffs

Dated: September 11, 2009

G:\DOCS\LIT\20035\0004\CPT\45K3806.DOC

♦JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)  **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
Johnson Law Group, et a.

## DEFENDANTS
Elimadebt USA, LLC

**(b)** County of Residence of First Listed Plaintiff  **Orange County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **Aventura**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Richard W. Epstein, Esq., Greenspoon Marder, P.A.
100 West Cypress Creek Road, Suite 700
Fort Lauderdale, Florida 33309; (954) 491-1120

Attorneys (If Known)

AV

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☒ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

9:09CV 81331-KAM-Johnson

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health ☐ 690 Other | ☐ 840 Trademark | ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise |  | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  |  |  |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee |  |  |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):

a) Re-filed Case ☐ YES ☒ NO
b) Related Cases ☒ YES ☐ NO

JUDGE                    DOCKET NUMBER  09-80647-CIV-DIMITROULEAS

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):  I. Abuse of Process; II. malicious prosecution; and III. civil conspiracy

LENGTH OF TRIAL via  **3**  days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**

SIGNATURE OF ATTORNEY OF RECORD
*Isaac G. Astin Fla Bar #843989*

DATE
September 11, 2009

FOR OFFICE USE ONLY
AMOUNT  350.00    RECEIPT #  547418    IFP