UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-CV-81331-MARRA/JOHNSON

JOHNSON LAW GROUP,
a Nevada Professional Corporation,
ADVANCED CLIENT SOLUTIONS,
a Nevada Limited Liability Company,

     Plaintiffs,

vs.

ELIMADEBT USA, LLC, a Florida Limited
Liability Company, ELIMADEBT, LLC, a New
York Limited Liability Company, STEVEN DRESCHER,
individually, ROBERT DENTON, individually,
RYAN SASSON, individually, IAN BEHAR, individually,
DAVID FEINGOLD, individually, and DANIEL BLUMKIN,
individually,

     Defendants.
_____/

## **ORDER AND OPINION**

     This cause is before the Court upon Defendants Elimadebt USA, LLC,

Elimadebt, LLC, Steven Drescher, Robert Denton, Ryan Sasson, Ian Behar,

David Feingold, and Daniel Blumkin's (collectively, "Defendants") Amended

Motion to Dismiss and to Strike Plaintiffs' Request for Attorney's Fees (DE

14), filed October 19, 2009. The motion is fully briefed and ripe for review.

See DE's 24, 30. The Court has carefully considered the motion, response,

and reply, and is otherwise fully advised in the premises.

1

## I. BACKGROUND

Johnson Law Group and Advanced Client Solutions (collectively,
"Plaintiffs") bring this three-count Complaint (DE 1) alleging claims of abuse
of process (count I), malicious prosecution (count II), and civil conspiracy
(count III). The claims stem from a prior suit in the Southern District of
Florida brought by two of the defendants in this case, Elimadebt USA, LLC
and Elimadebt, LLC, against Johnson Law Group ("JLG"), Advanced Client
Solutions ("ACS"), and several other individuals (Case No.
09-cv-80647-WPD). See Comp. ¶ 17. In the prior case (the "prior Florida
action"), Elimadebt USA, LLC and Elimadebt, LLC alleged that Plaintiffs had
engaged in violations of the Racketeer Influenced and Corrupt Organizations
Act ("RICO"). Comp. ¶ 18. Plaintiffs requested that the Court "compel the
entire case to arbitration because the parties agreed to arbitrate the
underlying issues." See 09-80647-WPD, DE 21 at 18. Rather than file a
response to the motion to compel arbitration, Elimadebt USA, LLC and
Elimadebt, LLC elected to voluntarily dismiss their complaint. 09-80647-
WPD, DE 28. Accordingly, the prior Florida action was dismissed without
prejudice on July 30, 2009. 09-80647-WPD, DE 29.

The instant action was filed six weeks later, on September 11, 2009,
by Plaintiffs, JLG and ACS. Plaintiffs' Complaint alleges that Defendants
committed the torts of abuse of process, malicious prosecution, and civil

conspiracy by filing the prior Florida action. Plaintiffs claim that Defendants had no basis in law to bring the prior Florida action, and that it was initiated in order to gain an unfair or illegal advantage over Plaintiffs. Comp. ¶ 55. Specifically, Defendants purportedly brought the prior Florida action "as a calculated response to an Action filed twenty-one (21) days earlier, on April 9, 2009, by the Johnson Law Group ("JLG") in the U.S. District Court, District of Nevada against the Corporate Defendants here, to compel arbitration under an agreement between JLG and Corporate Defendants (the 'Nevada Action')." Comp. ¶ 21. According to the Complaint, Defendants conspired to file the prior Florida action, a malicious lawsuit rife with baseless allegations of criminal and racketeering activity, "to gain leverage and an improper advantage in a business dispute through branding the plaintiffs as a criminal enterprise." (Resp. at 3).

Defendants moved to compel arbitration, or, in the alternative, to dismiss the Complaint on October 19, 2009 (DE 14). On March 11, 2010, this Court ruled on the Motion to Compel Arbitration (DE 32). The Court dismissed JLG's claims against Elimadebt, USA, LLC, and ordered JLG to submit its claims against Elimadebt, USA, LLC to final and binding arbitration. See DE 32 at 9. The Court allowed all the other claims to proceed, and permitted the parties to continue discovery pending its ruling on Defendants' Motion to Dismiss the Complaint. See id.

The Court now addresses Defendants' Motion to Dismiss. First, Defendants argue that the abuse of process claim is defective because there was no post-issuance act constituting abuse of process. Next, Defendants argue that the malicious prosecution claim should be dismissed because there was no bona fide favorable termination of the prior Florida action, there was probable cause to file the prior Florida action, and Plaintiffs' claimed damages are too speculative to be sufficient. Finally, Defendants argue that without these predicate torts, the claim for civil conspiracy fails.

In response, Plaintiffs argue that the abuse of process claim is sufficient because the defamatory statements contained in the prior Florida action constitute an illicit use of process. Plaintiffs assert that Defendants knew the statements would be published on the World Wide Web to third parties, and therefore they were accomplishing an improper end with an improper use of process after it was issued. As for the malicious prosecution charge, Plaintiffs allege that Defendants conceded that the prior Florida action was not meritorious and dismissed it voluntarily, which constitutes a bona fide termination in Plaintiffs' favor. Lastly, Plaintiffs maintain that they have stated a claim for civil conspiracy because they have pleaded underlying wrongful acts committed by Defendants.

4

## II. STANDARD OF REVIEW

To satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 573 (2007); Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005). In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Even under this notice pleading standard, however, the complaint must provide enough factual matter to nudge a claim of relief "across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Though the factual allegations in a pleading are taken at face value, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

A motion to strike pursuant to Fed. R. Civ. P. 12(f) excises "redundant, immaterial, impertinent, or scandalous matter" from a pleading. As with a motion to dismiss, "a court must accept the truthfulness of well-pleaded facts." Thompson v. Kindred Nursing Centers East, LLC, 211 F. Supp. 2d

1345, 1348 (M.D. Fla. 2002). "Motions to strike . . . are usually denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." <u>In re Southeast Banking Corp. Securities and Loan Loss Reserves Litigation</u>, 147 F. Supp. 2d 1348, 1355 (S.D. Fla. 2001).

## III. DISCUSSION

### A. ABUSE OF PROCESS

"A cause of action for abuse of process requires: (1) an illegal, improper, or perverted use of process by the defendant; (2) an ulterior motive or purpose in exercising the illegal, improper, or perverted process; and (3) damage to the plaintiff as a result of the defendant's action." <u>Valdes v. GAB Robins North America, Inc.</u>, 924 So. 2d 862, 867 n.2 (Fla. Dist. Ct. App. 3d Dist. 2006) (quoting <u>Hardick v. Homol</u>, 795 So. 2d 1107, 1111 n.2 (Fla. Dist. Ct. App. 5th Dist. 2001). Despite the requirement of an ulterior motive, the tort focuses on the scope and purpose of the issued process, and the fact that a defendant acts out of "an incidental or concurrent motive of spite" is irrelevant so long as "the process is used to accomplish the result for which it was created." <u>Scozari v. Barone</u>, 546 So. 2d 750, 751 (Fla. Dist. Ct. App. 3d Dist. 1989). Abuse of process "usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the

6

use of the process as a threat or club." <u>Bothmann v. Harrington</u>, 458 So. 2d

1163, 1169 n.8 (Fla. Dist. Ct. App. 3d Dist. 1984) (quoting W. Prosser,

Handbook of the Law of Torts § 121 (4th ed. 1971)).

In the instant case, Plaintiffs allege that Defendants filed the prior

Florida action seeking "maximum bad-press and 'criminal' allegations;" the

prior Florida action allegedly included baseless defamatory material in an

attempt to harass and coerce Plaintiffs. Compl. ¶¶ 25-27. For a defendant to

engage in "an illegal, improper, or perverted use of process," however, they

must commit an improper willful act *during* the course of the prior

proceedings. <u>See</u> <u>Valdes</u>, 924 So. 2d at 867; <u>Yoder v. Adriatico</u>, 459 So. 2d

449, 450 (Fla. Dist. Ct. App. 5th Dist. 1984) ("the tort of abuse of process is

concerned with the improper use of process *after* it issues") (emphasis

added). Wrongful acts done concurrently with the issuance of process do not

constitute an improper use of process; when a claim pleads "no abuse of the

process apart from the complaint," for instance, it "amounts to nothing more

than a thinly disguised malicious prosecution claim." <u>Blue v. Weinstein</u>, 381

So. 2d 308, 311 (Fla. Dist. Ct. App. 3d Dist. 1980). <u>See</u> <u>also</u> <u>Peckins v. Kaye</u>,

443 So. 2d 1025, 1026 (Fla. Dist. Ct. App. 2d Dist. 1983) (counterclaim that

caused undue expenditures of time and money was not abuse of process

absent "an improper willful act during the course of the proceedings");

<u>McMurray v. U-Haul Co.</u>, 425 So. 2d 1208, 1209 (Fla. Dist. Ct. App. 4th Dist.

1983) (no abuse of process even when the complaint was filed for an improper and malicious purpose). Here, Plaintiffs complain that the prior Florida action was filed to coerce and defame them. Yet even if these assertions are accepted as true, the only action that Defendants have taken is to "file a complaint and have process served" upon Plaintiffs. "There is no such allegation of a post-issuance act other than service of what was issued." McMurray, 425 So. 2d at 1209. Florida courts require that the "use of process" occur after the process is issued. Therefore, Plaintiffs' abuse of process claim cannot be based on the defamatory or coercive effect of the complaint itself.

Plaintiffs also claim that Defendants filed meritless bar grievances before bringing the prior Florida action, knowing that the bar associations would discover the prior Florida action when it was published to the general public. Compl. ¶¶ 23-25. Critically, however, the Complaint does not allege that Defendants themselves took any affirmative act to publicize the lawsuit or to otherwise improperly misuse the prior Florida action as leverage in their negotiations with Plaintiffs. To sustain a claim for abuse of process, courts require an affirmative, willful misuse of process. See Pottinger v. City of Miami, 810 F. Supp. 1551, 1568-69 (S.D. Fla. 1992) (arrests initiated to purge homeless people from the streets were not abuse of process, since the city performed no act "beyond carrying the arrest process to its authorized

8

conclusion"); <u>Della-Donna v. Nova University, Inc.</u>, 512 So. 2d 1051, 1055-56 (Fla. Dist. Ct. App. 4th Dist. 1987) (upholding summary judgment where there was a "failure and inability to allege and prove any act which constituted misuse of process after it was issued").[1] Here, according to Plaintiffs, Defendants commenced their suit and passively allowed the general public to discover the defamatory content within. Compl. ¶ 27. Aside from the actual filing of the suit, there was no affirmative act where Defendants misused this process to threaten or coerce Plaintiffs. Defendants' knowledge that the suit would be published is immaterial because a party who files a lawsuit invariably knows that its complaint will become a matter of public record. Florida courts have held that the filing of a defamatory complaint, standing alone, is not abuse of process. <u>See</u>, <u>e.g.</u>, <u>Blue v. Weinstein</u>, 381 So. 2d at 311; <u>Peckins v. Kaye</u>, 443 So. 2d at 1026.

    The Court finds that Defendants' alleged filing of a baseless suit, even coupled with alleged knowledge of the complaint's eventual publication, is

---

[1] Some courts require that the willful act result in the issuance of additional process in the proceedings, such as a subpoena or capias. <u>See</u> <u>Steinhilber v. Lamoree</u>, 825 F. Supp. 1003, 1006 (S.D. Fla. 1992) (no abuse where defendant threatened plaintiff with financial retribution if he did not settle the case, as "no writ or other process was issued to carry out any alleged threats"); <u>Miami Herald Pub. Co., Div. of Knight-Ridder Newspaper, Inc. v. Ferre</u>, 636 F. Supp. 970, 974-75 (S.D. Fla. 1985) (no misuse of civil process when party sent malicious criminal complaint to state attorney's office after the civil suit was filed). While the Court is not prepared to adopt this standard, Plaintiffs' claim would fail on those grounds as well, as no additional process was issued after the Defendants' complaint was served.

not an affirmative post-issuance misuse of process.

## B. MALICIOUS PROSECUTION

In Florida, a proper claim for malicious prosecution must plead the following essential elements:

> (1) the commencement or continuance of an original criminal or civil judicial proceeding;
> (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding;
> (3) its bona fide termination in favor of the present plaintiff;
> (4) the absence of probable cause for such proceeding;
> (5) the presence of malice therein; and
> (6) damages conforming to legal standards resulting to plaintiff.

Jones v. State Farm Mut. Auto. Ins. Co., 578 So. 2d 783, 785 (Fla. Dist. Ct. App. 1st Dist. 1991) (quoting Burns v. GCC Beverages, Inc., 502 So. 2d 1217, 1218 (Fla. 1986)). See also Alamo Rent-A-Car, Inc. v. Mancusi, 632 So. 2d 1352, 1355 (Fla. 1994); Scozari v. Barone, 546 So. 2d 750, 751 (Fla. Dist. Ct. App. 3d Dist. 1989).

In the instant case, Plaintiffs allege that the prior Florida action was a malicious prosecution brought by Defendants in order to "harass and harm" them. Compl. ¶ 28. In response, Defendants contend that this claim should be dismissed because it fails to plead that Defendants lacked probable cause to bring the prior Florida action, and because the damages claimed by Plaintiffs are too uncertain and speculative. Defendants also challenge whether the prior Florida action resulted in a bona fide termination in Plaintiffs' favor.

10

In the context of a malicious prosecution claim, probable cause is "[a] reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged." Thomson McKinnon Securities, Inc. v. Light, 34 So. 2d 757, 759 (Fla. Dist. Ct. App. 3d Dist. 1988) (quoting Goldstein v. Sabella, 88 So. 2d 910, 911 (Fla. 1956)). See also Endacott v. International Hospitality, Inc., 910 So. 2d 915, 922 (Fla. Dist. Ct. App. 3d Dist. 2005) (a party need only show "a reasonable belief that the claim was valid based on the facts and circumstances known to them"). In the instant case, Defendants argue that they reasonably believed that Plaintiffs were guilty in the prior Florida action, as evidenced by the lengthy complaint and case statement Defendants filed.

Defendants' argument on this element, however, fails because it challenges the facts and not the legal sufficiency of the malicious prosecution claim. On a motion to dismiss, all the well-pled facts of the complaint are accepted as true. See, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007). According to Plaintiffs, Defendants brought the prior Florida action shortly after Plaintiffs attempted to compel arbitration in Nevada; Defendants purportedly acted in an attempt to coerce Plaintiffs during negotiations. Compl. ¶ 21. Defendants also purposely brought the claim "on the heels of letters of complaint sent to the Nevada State Bar Association." Compl. ¶ 23.

11

Finally, "Defendants made clear before and after filing suit that they were seeking maximum bad-press and 'criminal' allegations . . . and carried out the threat by signing, filing and serving the civil RICO Complaint." Compl. ¶ 26. These facts support Plaintiffs' assertion that the prior Florida action was baseless and filed without probable cause. Compl. ¶ 35.

Defendants also argue that the damages alleged by Plaintiffs are too speculative and uncertain to state a claim for malicious prosecution. The Complaint, however, alleges that the prior Florida action was being issued in order to harass Plaintiffs, and that "[a]s a direct and proximate result of Defendants' actions, Plaintiffs incurred special damages in the form of expenses to protect their interests . . . including reasonable attorney fees." Compl. ¶ 51. Attorney's fees spent defending a prior malicious proceeding are generally recoverable as "special damages to compensate for the wrong done." Glusman v. Lieberman, 285 So. 2d 29, 31 (Fla. Dist. Ct. App. 4th Dist. 1973). See also Martha A. Gottfried, Inc. v. Amster, 511 So. 2d 595, 600 (Fla. Dist. Ct. App. 4th Dist. 1987); Adler v. Segal, 108 So. 2d 773, 775 (Fla. Dist. Ct. App. 3d Dist. 1959) ("there is substantial authority that a malicious prosecution is actionable per se"). Cf. Ruskin v. Ryan, 859 So. 2d 1218, 1219 (Fla. Dist. Ct. App. 4th Dist. 2003) (to the extent attorney's fees were spent on lawsuits *other* than the malicious proceeding, jury award was erroneous). But cf. Miami Nat'l Bank v. Nunez, 541 So. 2d 1259, 1260 (Fla.

Dist. Ct. App. 3d Dist. 1989) (award for 400 undocumented hours of litigation preparation was improper; "a litigant should not be compensated for those hours during which her husband's actions were solely those of a devoted spouse"). Because Plaintiffs allege they paid for attorneys in order to defend the prior Florida action, the Complaint sufficiently pleads damage resulting from Defendants' alleged conduct.

The closest question is whether the prior Florida action resulted in a bona fide termination in favor of Plaintiffs. Defendants voluntarily dismissed the prior Florida action before an answer was even filed. 09-80647-WPD, DE 28. Generally, for there to be a bona fide termination of a case in favor of a party, the termination must reflect on the merits of the case; technical or procedural victories are not sufficient. See Union Oil of California, Amsco Div. v. Watson, 468 So. 2d 349, 353 (Fla. Dist. Ct. App. 3d Dist. 1985). The fact that a plaintiff agrees to settle a lawsuit after bargaining and negotiation, for example, may not necessarily mean that the initial suit was devoid of merit. See Mancusi, 632 So. 2d at 1356. Similarly, when a plaintiff voluntarily dismisses a complaint, the dismissal could be "either not on the merits or entirely unreflective of the merits in that no implication of a lack of reasonable ground for the action follows from the dismissal." Id. at 354. See also Della-Donna v. Nova University, Inc., 512 So. 2d 1051, 1055 (Fla. Dist. Ct. App. 4th Dist. 1987) ("case was terminable upon considerations entirely

13

apart from the merits or probable cause for prosecution").

There are instances, however, where a voluntary dismissal constitutes a favorable bona fide termination, depending on the circumstances under which the withdrawal occurs. See Union Oil, 468 So. 2d at 353 (citing Restatement (Second) of Torts § 674 comment on clause (b) (1977)). The Florida Supreme Court has held, for instance, that bargaining and negotiating may not negate the bona fide nature of a settlement. Mancusi, 632 So. 2d 1352, 1356 (Fla. 1994) (citing Shidlowsky v. National Car Rental Systems, Inc., 344 So. 2d 903 (Fla. Dist. Ct. App. 3d Dist. 1977), *cert. denied*, 355 So. 2d 516 (1978)) (a bona fide termination is possible when the bargaining is "nothing more than a promise to pay what was offered before the charges were brought" and the negotiations "reflect the accused's innocence"). See also Doss v. Bank of Am., N.A., 857 So. 2d 991, 996 (Fla. Dist. Ct. App. 5th Dist. 2003); Jones v. State Farm Mut. Auto. Ins. Co., 578 So. 2d 783, 786 (Fla. Dist. Ct. App. 1st Dist. 1991). The same reasoning applies to a voluntary dismissal; if a malicious prosecution complaint alleges that a defendant voluntarily dismissed a prior action because it was baseless, then the complaint sufficiently alleges a bona fide favorable termination. See Cohen v. Corwin, 980 So. 2d 1153, 1156 (Fla. Dist. Ct. App. 4th Dist. 2008).

In the instant case, Plaintiffs claim that "no one was deceived" by the prior Florida action and that "everyone could see" that it was a malicious suit

14

filed for an improper purpose. Compl. ¶ 34. Plaintiffs also explicitly claim that

"the Corporate Defendants and Defendant Feingold conceded that the Florida

Action was not justified by the underlying legal claims." Compl. ¶ 36.[2]

According to the allegations regarding the voluntary dismissal of the prior

Florida action, Defendants abandoned their lawsuit because of its lack of

merit. See Cohen, 980 So. 2d at 1156 (plaintiff sufficiently alleged that

defendant voluntarily dismissed a prior complaint "'because there was not a

factual basis to support the same' and because he 'did not have probable

cause or an evidentiary basis to support the allegations'"). See also Union

Oil, 468 So. 2d at 354. Therefore, Plaintiffs have alleged sufficient facts

which, if proven at trial, will satisfy the requirement that the voluntary

dismissal of the prior Florida action was a bona fide termination in favor of

Plaintiffs.

   In summary, the Court finds that Plaintiffs have successfully alleged

that Defendants brought their suit without probable cause, that Plaintiffs

have suffered damage from that prior proceeding, and that the proceeding

resulted in a bona fide favorable termination.

---

[2] The Court is aware that Defendants filed a Notice of Voluntary Dismissal Without Prejudice that claimed that the dismissal was part of a good faith attempt to negotiate a settlement. See 09-80647-WPD, DE 28. Whether those assertions are true, however, is a question of fact, and are thus inappropriate for consideration on a Fed. R. Civ. P. 12(b)(6) motion.

## C. CIVIL CONSPIRACY

In order to properly state a claim for civil conspiracy, a plaintiff must allege "'(a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy.'" Charles v. Florida Foreclosure Placement Center, LLC, 988 So. 2d 1157, 1159-60 (Fla. Dist. Ct. App. 3d Dist. 2008) (quoting Raimi v. Furlong, 702 So. 2d 1273, 1284 (Fla. Dist. Ct. App. 3d Dist. 1997). "Generally an actionable conspiracy requires an actionable underlying tort or wrong." Walters v. Blankenship, 931 So. 2d 137, 140 (Fla. Dist. Ct. App. 5th Dist. 2006).[3] See also Blatt v. Green, Rose, Kahn & Piotrkowski, 456 So. 2d 949, 950 (Fla. Dist. Ct. App. 3d Dist. 1984) ("The gist of a civil action for conspiracy is not the conspiracy itself, but the civil wrong which is done pursuant to the conspiracy and which results in damage to the plaintiff."). Despite the requirement of an underlying tort or wrong, "[e]ach coconspirator need not act to further a conspiracy; each 'need only know of the scheme and assist in it in some way to be held responsible for all of the acts of his coconspirators.'" Charles, 988 So. 2d at 1160 (quoting Donofrio v. Matassini, 503 So. 2d 1278, 1281 (Fla. Dist. Ct.

---

[3] Florida only recognizes an independent action for civil conspiracy in exceptional cases where the defendants, by virtue of their combination, possess some "peculiar power of coercion." See, e.g., Churruca v. Miami Jai-Alai, Inc., 353 So. 2d 547 (Fla. 1977).

App. 2d Dist. 1987)).

In the case at bar, Defendants contend that Plaintiffs have no actionable claims on which to base their civil conspiracy cause of action, and that the Complaint fails to allege any unlawful acts done by Defendants. As the Court has already found, however, the Complaint adequately pleads an actionable claim for malicious prosecution. The Complaint specifically alleges Defendants committed the unlawful act of filing suit "in the Florida Action without probable cause to do so." Compl. ¶ 35. See *supra*, section III.B. Thus, Plaintiffs' civil conspiracy claim is adequately supported by both an underlying tort and an unlawful act.

Defendants also argue that there is no factual basis in the Complaint for any overt acts in pursuance of the conspiracy, or for any claim of damages. Again, however, the Complaint has plead several overt acts, including the preparation, endorsement, and filing of the malicious suit, as well as the filing of various bar grievances prior to filing suit, which were allegedly completed in pursuance of the conspiracy. Compl. ¶ 17, 25. As for the sufficiency of the pleading of damages resulting from the conspiracy, Plaintiffs have specifically alleged that "incurred special damages in the form of expenses to protect their interests." Compl. ¶ 51.

Because the underlying tort of malicious prosecution is sufficiently pled, the Court finds that the Complaint states a claim of civil conspiracy.

17

## IV. MOTION TO STRIKE ATTORNEY'S FEES

"Under the 'American Rule,' the default assumption is that each party is responsible for its own legal fees, and thus fees ordinarily will not be awarded to the prevailing party without express statutory authority." Johnson v. Florida, 348 F.3d 1334, 1350 (11th Cir. 2003). An exception to this general rule is the "wrongful act doctrine": when the wrongful act of a defendant forces the plaintiff into litigation with others, the plaintiff's attorney's fees from that litigation are treated as the legal consequences of the defendant's conduct and may be recovered as damages. See Northamerican Van Lines, Inc. v. Roper, 429 So. 2d 750, 752 (Fla. Dist. Ct. App. 1st Dist. 1983). See also Bidon v. Department of Professional Regulation, Florida Real Estate Com'n, 596 So. 2d 450, 452 n.3 (Fla. 1992); Winselmann v. Reynolds, 690 So. 2d 1325, 1328 (Fla. Dist. Ct. App. 3d Dist. 1997); State Farm Fire & Cas. Co. v. Pritcher, 546 So. 2d 1060, 1061 (Fla. Dist. Ct. App. 3d Dist. 1989); Glace & Radcliffe, Inc. v. City of Live Oak, 471 So. 2d 144, 145 (Fla. Dist. Ct. App. 1st Dist. 1985).

As the Court has already noted, the attorney's fees Plaintiffs have incurred defending the prior Florida action constitute proper damages for their malicious prosecution claim. See supra, section III.B. See generally Restatement (Second) of Torts § 914 cmt. c (1979). Here, however, Plaintiffs argue that the wrongful act doctrine entitles them not only to

18

attorney's fees spent defending the prior Florida action, but also to attorney's fees in the case at bar. DE 24 at 18. Plaintiffs argue that because Elimadebt, LLC and Elimadebt USA, LLC have involved them "in litigation with others, namely the other defendants Steven Drescher, Robert Denton, Ryan Sasson, Ian Behar, David Feingold, and Daniel Blumkin," they are entitled to "recovery of such fees in this litigation against Defendants." Id.

The wrongful act doctrine, however, only applies to the costs of litigation with third parties, not subsequent litigation with the defendants who committed the wrongful act. See City of Tallahassee v. Blankenship & Lee, 736 So. 2d 29, 30 (Fla. Dist. Ct. App. 1st Dist. 1999) (after city failed to notify plaintiff bidder of its non-eligibility, plaintiff successfully sued for its bid preparation costs, but could not recover attorney's fees spent bringing the action); Martha A. Gottfried, Inc. v. Amster, 511 So. 2d 595, 598-600 (Fla. Dist. Ct. App. 4th Dist. 1987) (after real estate brokers misrepresented their authority to sell a condominium, the buyers sued the brokers and sellers; brokers were ordered to pay sellers' attorney's fees under the wrongful act doctrine, but not the buyers' attorney's fees). Thus, the Court finds that Plaintiffs' claim of attorney's fees for the case at bar is not warranted by the wrongful act doctrine.

## V. CONCLUSION

Based upon the foregoing, Defendants' Motion to Dismiss (DE 14) is

**GRANTED IN PART AND DENIED IN PART** as follows:

(1) **GRANTED** as to Count I for abuse of process,

(2) **DENIED** as to Count II for malicious prosecution,

(3) **DENIED** as to Count III for civil conspiracy.

To the extent that Defendants' Motion to Strike Attorney's Fees (DE

14) applies to the attorney's fees incurred by Plaintiffs in the prior Florida

action, it is **DENIED**. To the extent it applies to Plaintiffs' claim for

attorney's fees for the current case, it is **GRANTED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm

Beach County, Florida, this 24th day of May, 2010.

_____
KENNETH A.  MARRA
United States District Judge

Copies to:
all counsel of record