**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 09-81331-CIV-MARRA/JOHNSON

JOHNSON LAW GROUP,
a California Professional Corporation,
ADVANCED CLIENT SOLUTIONS,
a Nevada Limited Liability Company,

 Plaintiffs,

v.

ELIMADEBT USA, LLC, a Florida Limited
Liability Company, ELIMADEBT, LLC, a New
York Limited Liability Company, STEVEN DRESCHER,
individually, ROBERT DENTON, individually,
RYAN SASSON, individually, IAN BEHAR, individually,
DAVID FEINGOLD, individually, and DANIEL BLUMKIN,
individually,

 Defendants.
_____/

## DEFENDANT'S, DAVID FEINGOLD, MOTION FOR PROTECTIVE ORDER

COMES NOW, by and through its undersigned counsel, Defendant, DAVID J. FEINGOLD ("Feingold" or "Defendant"), hereby files this Motion for Protective Order from Plaintiffs', JOHNSON LAW GROUP ("JLG") and ADVANCED CLIENT SOLUTIONS, LLC ("ACS")(collectively, "Plaintiffs") Notice of Taking Deposition of David Feingold (the "Deposition Notice"), and states the following in support thereof:

### MEMORANDUM OF LAW

On September 24, 2010 the Defendant filed its Motion to Compel Attendance at Depositions and for Imposition of Sanctions ("Motion to Compel") (D.E. 44) based upon the failure of the following individuals to attend duly noticed depositions in West Palm Beach,

1

Florida in the instant matter: (i) Richard W. Epstein, Esq. [local co-counsel for Plaintiffs]; (ii) Frank M. Flansburg, III, Esq. [co-counsel for Plaintiffs]; (iii) Charles Vlasic, III, Esq. [co-counsel for Plaintiffs]; (iv) Kenneth Kestenbaum [principal for ACS]; (v) Anan Mark Eldredge [principal for JLG]; and (vi) Paul Constantinou [principal for ACS] (the "Noticed Parties"). (*See*, D.E. 44-1).  All of the aforesaid individuals simply failed to appear for the duly noticed depositions during the week of September 13th, 2010 despite undersigned's repeated attempts to contact and confirm attendance with said individuals. (*See*, D.E. 44-2).

As the Defendant[/putative Counter-Plaintiff/Cross-Complainant] explicitly described to the Court in its Counterclaim and Cross-Complaint for Damages (*see*, D.E. 43), each and every one of the Noticed Parties have played a significant role in the multifaceted history amongst the parties hereto, including the filing of ten (10) separate baseless actions against the Defendants [five (5) lawsuits and five (5) Florida Bar complaints] in Florida Federal Court, Nevada Federal Court, Nevada State Court, New York State Court, and an arbitration action in the State of Nevada.

Hence, on August 27th, 2010, the Defendant served its Notices of Taking Depositions of the Noticed Parties for depositions that were scheduled to occur approximately one (1) month prior to the date of filing the instant motion.  Incredibly, after the Noticed Parties outright failed to appear at their duly noticed depositions, causing undersigned to incur attorney's fees and costs, they had the audacity to serve Feingold with a Notice of Taking Deposition on October 8, 2010 (copy attached hereto as, Exhibit "A").  It is fundamentally unfair for Feingold to be required to appear at a deposition noticed by the very same Noticed Parties who wholly failed to appear at depositions an entire month prior to the service of the afore-mentioned deposition notice of Feingold.  This is nothing more than a lucid litigation tactic undertaken by the

Plaintiffs, and most certainly their counsel, to gain same form of upper-hand in Plaintiffs' continued profligate and groundless litigation that has been filed in a multitude of jurisdictions across the United States.

Consequently, it is imperative that the Court put an end to Plaintiffs' ethical misbehavior and enter a protective order in favor of the Defendant until such time that the Noticed Parties appear at their previously duly noticed depositions.  Once all of the Noticed Parties, who failed to ever seek a protective order from the Court, have appeared at their duly scheduled depositions, then Feingold will be entirely willing to appear before the Plaintiffs for a properly noticed deposition.  However, at this time, it is evident that the Plaintiffs intend to take the deposition of Feingold, yet never appear at their own duly noticed depositions, gaining an unfair advantage in litigation that must move forward to the next step as it has been pending for several long superfluous years.  The Court should recognize Defendant's efforts to comply with the Court's fundamental rules and equally recognize the Plaintiffs' failure to do the same.

WHEREFORE, the Defendant respectfully requests the Court to enter a protective order in favor of David Feingold until such time that all of the Noticed Parties appear at their previously duly noticed depositions, and for such further relief as the Court deems just and proper.

Dated: October 14th, 2010

Respectfully Submitted,

__/s/ David J. Feingold__
David J. Feingold, Esq.
FBN: 0892823
Attorney for Defendants
Feingold & Kam
5100 PGA Boulevard
Second Floor
Palm Beach Gardens, FL 33418
Phone: (561) 630-6727
Fax: (561) 630-8936
Email: David@fkfirm.com

**Certificate of Compliance with Local Rule 7.1**

I hereby certify that counsel for the movant has conferred with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to do so and/or has made reasonable efforts to confer with all parties who may be affected by the relief sought in the motion, but has been unable to do so.

__s/ David J. Feingold_____

**Certificate of Service**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically via CM/ECF on this 14th day of October, 2010 to: HAAS A. HATIC, REBECCA F. BRATTER, and RICHARD W. EPSTEIN, Greenspoon Marder Hirschfeld Rafkin Ross & Berger, 100 W. Cypress Creek Road, Suite 700, Fort Lauderdale, Florida 33309.

    /s/ David J. Feingold
David J. Feingold, Esq.
FBN: 0892823
Attorney for Defendants
Feingold & Kam
5100 PGA Boulevard
Second Floor
Palm Beach Gardens, FL 33418
Phone: (561) 630-6727
Fax: (561) 630-8936
Email: David@fkfirm.com